# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Jordan POINDEXTER<br><br>*Defendant(s)* | )<br>)<br>) Case No. 1:25-mj-825<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **April 2025 - June 26, 2025** in the county of **Hamilton** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2250(a) | Failure to Register as a Sex Offender |

This criminal complaint is based on these facts:

See attached affidavit incorporated herein by reference

☑ Continued on the attached sheet.

*Damon Willaman*

*Complainant's signature*

Damon Willaman, DUSM S/OH

*Printed name and title*

Sworn to before me and signed in my presence.
 via FaceTime

Date: 10/27/2025

Karen L. Litkovitz
United States Magistrate Judge

City and state: Cincinnati, Ohio

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**United States of America**
      v.

**Jordan POINDEXTER**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Damon Willaman, being duly sworn, do hereby declare and state the following:

1. I am a Deputy United States Marshal (DUSM) assigned to the Southern District of Ohio, Columbus Office, and have been so employed since June 2010. I am a graduate of Basic Deputy U.S. Marshal Academy at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA in October 2010 as well as the Criminal Investigator Training Program at FLETC in August 2010. I also receive regular in-service training in fugitive and sex offender investigations from the U.S. Marshals Service (USMS) as well as various other federal and state resources. During my career, I have been assigned to multiple fugitive, escape and sex offender investigations. I am the District Sex Offender Coordinator (DSOC) for the Southern District of Ohio and primarily conduct investigations involving sexual offenders and their duty to register. As a DSOC, I am authorized under 28 U.S.C. 564 to enforce the laws of the United States, including violations of the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. 16901, et seq., and federal Failure to Register offenses, pursuant to 18 U.S.C. 2250.

2. I am the case deputy for an investigation of Jordan POINDEXTER (DOB \*\*/\*\*/2003, SSN xxx-xx-2059) for 18 U.S.C. 2250, Failure to Register as a Convicted Sex Offender. My investigation began on or about 9/8/2025 after the USMS in the Southern District of Ohio (S/OH) received a lead from the USMS in the Western District of Tennessee (W/TN). DUSM Ben Runnels (W/TN) advised that POINDEXTER, a convicted sex offender from Tennessee, was likely residing in Cincinnati, OH, which is within the Southern District of Ohio. POINDEXTER did not notify Tennessee authorities of her new address or attempt to register with Ohio authorities.

3. On 4/2/2025, POINDEXTER was convicted of Criminal Attempt: Trafficking for Commercial Sex Act, Tennessee Code Annotated 39-12-101/39-13-309 in Shelby County, TN. POINDEXTER's victim was a 15-year-old female. As a result of this conviction, POINDEXTER was sentenced to six (6) years in prison, which was amended to five (5) years of probation supervision. POINDEXTER was ordered to register as a sex offender for the remainder of her Lifetime in the state of Tennessee. Additionally, the Tennessee Department of Corrections (TDOC) placed an ankle monitor on POINDEXTER to monitor her whereabouts while on supervision.

4. On 4/4/2025, POINDEXTER registered as a sex offender with the TDOC for the first and only time. On this date, POINDEXTER reported that she was homeless in Memphis, TN. One of the registration

1

conditions stated "Under the federal Sex Offender Registration and Notification Act ("SORNA"), persons with sex offense convictions must register as sex offenders and keep their registration current in each jurisdiction (i.e., state, territory, or tribe) in which they reside, and in each jurisdiction where they are employed (including self-employment, non-compensated, and volunteer activities), and in each jurisdiction where they are a student. Depending on the type of sex offense for which convicted, offenders must appear in person every three months, every six months, or every year to allow the jurisdiction to take a current photograph and to verify pertinent information.  In addition to the requirement for periodic updating of registration, convicted sex offenders are required to notify the jurisdiction where they are required to register not later than three business days (in Tennessee, offenders have only 48 hours), in person, after any change of name, residence, employment, or student status. Convicted sex offenders are required to notify the jurisdiction where they are required to register not later than three business days (in Tennessee, offenders have only 48 hours) of a change of any other information given to the registering agency by the offender that is contained on the registration form. This includes, but is not limited to, changes in the offender's mailing address, vehicle descriptions, vehicle information numbers, and license tag numbers (this includes both vehicles used or owned by an offender), the complete listing of the offender's electronic mail address information or any instant message, chat or other Internet communication name or identity that the person uses or intends to use, minors residing in the primary or secondary residence, complete name and all aliases, including, but not limited to, any names that the offender may have had or currently has by reason of marriage or otherwise, including pseudonyms and ethnic or tribal names, copies of all passport and immigration documents, professional licensing information that authorizes an offender to engage in an occupation or carry out a trade or business, and any other registration, verification and tracking information contained on the registration form.  Failure to comply with the federal obligations under SORNA subjects an offender to prosecution for failure to register or update their registration under federal law, 34 U.S.C.A. 20901, et seq., punishable by up to 10 years imprisonment, which may be independent of any additional state law violations."  POINDEXTER signed and dated this document on 4/4/2025.  Her signature was witnessed by Tennessee Parole Officer Jeleya Burnett.

5. On 4/20/2025, POINDEXTER cut off her GPS ankle monitor near the bus stop located at 3033 Airways Blvd. in Memphis, Tennessee.  POINDEXTER has never registered as a sex offender again since this date, in Tennessee or any other state.

6. On or about 4/20/2025, the Shelby County, TN Sheriff's Office (SCSO) issued arrest warrants for POINDEXTER, charging her with Petition to Revocation (Sex Trafficking conviction), Tampering with GPS Monitoring, and Violation of the Sex Offender Registry Act.

7. On 9/8/2025, DUSM Ben Runnels (W/TN) contacted DUSM Willaman with the USMS in the Southern District of Ohio (S/OH).  Runnels advised that POINDEXTER was a non-compliant sex offender from Tennessee who had likely been living in the Southern District of Ohio since April 2025.  Further, Runnels stated that POINDEXTER was currently in custody at the Hamilton County Jail in Cincinnati, OH. POINDEXTER had been arrested on 6/26/2025 for numerous local charges, as well as the Tennessee warrants.  Runnels provided Willaman with POINDEXTER's Tennessee warrant, signed registration documents, judgment entry and signed TBI instructions form.

8. On 9/8/2025, Willaman verified that POINDEXTER has not registered as a sex offender within the state of Ohio.

9. On 9/9/2025, Willaman received the following communication from the Ohio Attorney General's Office: "I find that TN 39-12-101 is substantially equivalent to Ohio's "attempt." I find that TN 39-13-309 is substantially equivalent to O.R.C. 2905.32. The victim is a minor, said to be 15 years old. As a result, the TN offense convicted is a Tier II sex offense under O.R.C. 2950.01(F)(1)(h), (i) and (j)." Because POINDEXTER is a Tier II sex offender in the state of Ohio, that would require her to register for a period of 25 years.

10. On 10/1/2025, Willaman spoke with Cincinnati Police Officer Kerregan, badge #413. Kerregan stated that he arrested POINDEXTER on 6/26/2025, behind the apartment at 2100 Harrison Ave after receiving a call from someone named Amadou SOW. POINDEXTER was charged with Resisting Arrest, Obstructing Official Business, Criminal Damaging or Endangering, Violating a Protection Order, Stopping After an Accident, Falsification, Possession of Drugs, Driving Without a License, Traffic Light Violation, and a detainer from Shelby County, TN for Failure to Register as a Sex Offender, Petition to Revocation (Sex Trafficking conviction) and Tampering with GPS Monitoring. Kerregan stated that it appeared that POINDEXTER had one or more of her children at the residence. POINDEXTER told officers "I just got arrested in front of my baby" and made other statements about police taking her away from her kids.

11. On 10/3/2025, DUSMs Massoth and Duncan (S/OH) traveled to the Hamilton County Justice Center and interviewed inmate POINDEXTER. This interview was audio recorded. Massoth provided POINDEXTER with her Miranda Rights, which she understood. POINDEXTER then signed a Waiver of Rights, form USM-309. POINDEXTER then proceeded to speak with deputies. The following is Massoth's summary of the interview: POINDEXTER stated she "went on the run" in April 2025 to Ohio from Tennessee. She stated she was on house arrest in Tennessee after signing a 5-year plea, but she was homeless and had nowhere to stay. She stated her boyfriend, A. S., came to Tennessee in a vehicle, and drove her back to Ohio after she cut her bracelet off. She stated while she was in Ohio they were living in hotels in the Cincinnati area until her arrest on 06/26/2025. She stated her boyfriend called the police on her and told them she had warrants and she resisted arrest. POINDEXTER stated she knew she had warrants out of Tennessee and had warrants in Cincinnati as well. The process was explained to her about needing to register everywhere she lives. POINDEXTER stated she has not registered in Ohio. POINDEXTER stated she was hoping to plead guilty in Tennessee and transfer her probation to Ohio, but she did not have approved housing.

12. Based on the foregoing facts and my knowledge and experience, I submit there is probable cause to believe that Jordan POINDEXTER, being a person required to register under SORNA, did travel in interstate or foreign commerce and did knowingly fail to register or update her registration as required by SORNA, in violation of 18 U.S.C. 2250(a).

*Damon Willaman*
Damon Willaman,
Deputy U.S. Marshal
United States Marshals Service

3

Sworn before me and subscribed in my presence on the 27 day of October 2025, in Cincinnati, Ohio.

_____
KAREN L. LITKOVITZ
United States Magistrate Judge
Southern District of Ohio